UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHARON MARMON-KACZOROWSKI | * | |
| **Plaintiff** | * | |
| v. | * | Civil Action No.: 04-1470 |
| CONTINENTAL CASUALTY COMPANY, *et al.* | * | |
| | * | |
| **Defendants** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
STATE LAW CONTRACT CLAIMS AND CLAIM FOR
<u>PUNITIVE AND/OR EXTRA-CONTRACTUAL DAMAGES</u>**

Defendants, Continental Casualty Corporation and CNA Life Assurance Company (hereinafter "Defendants"), by their undersigned attorneys and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, respectfully submit the following Memorandum in Support of their Motion to Dismiss Plaintiff's State Law Contract Claims and Claim for Punitive and/or Extra-Contractual Damages.

As argued more fully below, Plaintiff, Sharon Marmon-Kaczorowski ("Plaintiff" or "Kaczorowski"), has raised only State law claims sounding in contract, which are statutorily preempted by ERISA. As such, Plaintiff has failed to state a claim upon which this Court may grant her any relief. Moreover, Plaintiff's Complaint seeks punitive and/or extra-contractual damages, which are not available for claims under ERISA plans.

**I.      INTRODUCTION**

In this case, Plaintiff claims entitlement to benefits pursuant to a Group Disability Insurance Plan which exists between Continental Casualty Company and Computer Sciences Corporation (the "Plan"), and by virtue of her participation in that Plan. The Plan is an employee welfare benefit plan, regulated by the Employee Retirement Income Security Act of 1974, as Amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq*.

Plaintiff initially filed her Complaint in the Superior Court of Delaware for New Castle County, a copy of which is attached hereto as *Exhibit A*. Because this case involves matters arising under and concerning questions of federal law, Defendants removed the case from the State court pursuant to 28 U.S.C. § 1331.

In her Complaint, Plaintiff raises only State law claims, all sounding in contract. Plaintiff's Complaint seeks "punitive damages; compensatory damages resulting from the breach of contract, costs and fees."

**II.     ARGUMENT**

   **A.     *Plaintiff's State Law Claims Are Preempted By ERISA And Are Subject To Dismissal.***

Because the Plaintiff's claims relate to coverage and benefits under an ERISA-regulated plan, her Complaint must be dismissed as it is preempted by ERISA. As this Court is well aware, ERISA is a comprehensive legislative scheme with a system of procedures for enforcement that subjects employee benefit plans to federal regulation. See Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983) (holding that a state human rights law provision for pregnancy benefits was preempted as it "related to" employee benefit plan under ERISA). ERISA was designed to promote the interests of employees and their beneficiaries by comprehensively regulating the creation and administration of

employee benefit plans. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44 (1987) (holding that Mississippi's bad faith cause of action was preempted both because the claim was not an insurance regulatory law and because allowance of such a claim would conflict with the exclusive remedial scheme of ERISA).

Here, Plaintiff claims entitlement to benefits pursuant to a Group Disability Insurance Plan between Continental Casualty Company and her employer, Computer Sciences Corporation -- necessarily governed by ERISA. See Complaint, ¶¶ 5, 6, 7, 8. As such, any claim by Plaintiff must be made pursuant to and is governed by ERISA.

In furtherance of ERISA's statutory scheme, Congress included a broad preemption clause stating that the provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . .."  29 U.S.C. §1144(a).  Congress has further defined "State law" as including "all laws, decisions, rules, regulations, or other State action having the effect of law."  29 U.S.C. §1144(c)(1).  Interpreting ERISA's preemptive powers, the Supreme Court has left no doubt that Congress intended ERISA's preemption clause to be given broad and expansive effect.  See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138 (1990) (holding that the language of ERISA's preemption clause is "deliberately expansive" and is "designed to establish plan regulations as exclusively a federal concern); FMC Corp v. Holliday, 498 U.S. 52, 58 (1990) (holding that ERISA preempted the application of Pennsylvania's Motor Vehicle Financial Responsibility law); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46, 57 (1987) (holding that ERISA preempts all state common

law actions in both tort and contract, "asserting improper processing of a claim for benefits.").

In Ingersoll-Rand, the Supreme Court defined the breadth of ERISA's preemptive effect upon State law as it defined the statutory term "relate to" as follows:

> A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. . . Under this "broad common sense meaning" a state law may "relate to" a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.

498 U.S. at 139.

This Court has characterized ERISA's preemption clause as being "deliberately expansive".  Huss v. Green Spring Health Servs., Inc., 18 F.Supp.2d 400, 403 (D. Del. 1998) (holding that state law relates to employee benefit plan, and is thus preempted by ERISA, if it has a connection with or reference to such a plan; thus, although preemption is not limitless, a state law may "relate to" an employee benefit plan even if the law was not created to affect the plan, or the effect is only indirect).  In Pilot Life, the Supreme Court held that ERISA preempts all state common law actions in *both tort and contract,* "asserting improper processing of a claim for benefits." 481 U.S. at 57.

It is well-settled within this Court and the Third Circuit that State causes of action relating to benefits under employee benefit plans are preempted by ERISA.  See, e.g., Barber v. UNUM Life Ins. Co. of Am., 383 F.3d 134, 140 (3d Cir. 2004) (holding that any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted); Lazorko v. Pennsylvania Hosp., 237 F.3d

242, 248 (3d Cir. 2000) (holding that a claim for denial of benefits under an ERISA plan comes within ERISA's civil enforcement provision, and involves a matter as to which federal law completely preempts state law), cert. denied, 533 U.S. 930 (2001); In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (3d Cir. 1999) (holding that state law claims that are subject to express preemption under ERISA are displaced and thus subject to dismissal), cert. denied, 530 U.S. 1242 (2000); Wolk v. UNUM Life Ins. Co. of Am., 186 F.3d 352, 358 (3d Cir. 1999) (holding that beneficiary's state law claims including breach of contract and bad faith were preempted by ERISA), cert. denied, 528 U.S. 1076 (2000); Joyce v. RJR Nabisco Holdings Corp., 126 F.3d 166, 171 (3d Cir. 1997) (stating that ERISA broadly preempts "any and all State laws insofar as they relate to any employee benefit plan."); Tybout v. Karr Barth Pension Admin., Inc., 819 F. Supp. 371, 384 (D. Del. 1993) (stating that state law will be preempted by ERISA even if the law is not specifically designed to affect employment benefit plan, or effect is only direct, and even if state law is consistent with ERISA's substantive requirement); Haeffele v. Hercules Inc., 703 F. Supp. 326, 328-29 (D. Del. 1989) (holding that employee's breach of contract claim brought under state law was preempted by ERISA).

      Plaintiff's Complaint asserts breach of contract. The principal relief that Plaintiff seeks -- an award of insurance benefits -- is relief that may be obtained only under ERISA. Thus, no relief other than that provided by ERISA may be obtained. The "broad sweep" of ERISA's preemption provision set out at 29 U.S.C. 1144(a), provides that any state law claims that relate to alleged breaches of fiduciary responsibility in the administration of an employee benefit plan are pre-empted by ERISA. See Pilot Life Ins.

Co. v. Dedeaux, 481 U.S. 41, 44 (1987) (finding that allowing a beneficiary to maintain a cause of action arising under state law would conflict with and frustrate Congress's intent that ERISA section 502(a) serve as the exclusive civil enforcement scheme for ERISA plans).

Clearly, Plaintiff's State law claims sounding in contract asserting her right to coverage and benefits under the Plan is preempted by ERISA and, therefore, dismissal of these claims is appropriate.

### B.   *Punitive Or Extra-Contractual Damages Are Not Available For Claims Under ERISA Plans.*

Plaintiff's Complaint also prays for punitive damages. The provisions of ERISA do not provide an express, private cause of action for punitive damages in ERISA cases. See, e.g., Mertens v. Hewitt Assocs., 508 U.S. 248 (1993) (holding that ERISA does not permit monetary damages); Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144 (1985) (holding that extracontractual and punitive damages are not available to a participant or beneficiary under ERISA). The Supreme Court has determined that there is no implied right of action for punitive damages under ERISA, in light of the noticeable absence in the statutes and legislative history of ERISA of any reference to extra-contractual or punitive damages or any intention to authorize recovery of same through the statutes. Russell, 473 U.S. at 146-48. This Court, as well as the Third Circuit, has adopted the Russell Court's reasoning and has held that punitive damages are not recoverable in claims for benefits under ERISA Plans. See, e.g., Kemmerer v. ICI Americas, Inc., 70 F.3d 281, 289 (3d Cir. 1995) (holding that extracontractual damages

are not cognizable claims and cannot be recovered under ERISA), cert. denied, 517 U.S. 1209 (1996); Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan, 24 F.3d 1491, 1500-01 (3d Cir. 1994) (stating that ERISA provides for a declaration or enforcement of rights or for recovery of benefits, not for a private right of action for compensatory damages), cert. denied, 513 U.S. 1149 (1995); Cox v. Keystone Carbon Co., 894 F.2d 647, 650 (3d Cir. 1990) (stating that an employee's claim for compensatory damages for tortious interference does not fall within ERISA) cert. denied, 498 U.S. 811 (1990); Pane v. RCA Corp., 868 F.2d 631, 635 n.2 (3d Cir. 1989) (holding that punitive damages are not available in a claim brought under ERISA); Huss v. Green Spring Health Servs., Inc., 18 F.Supp.2d 400, 408 (D. Del. 1998) (holding that the civil enforcement provisions of ERISA do not permit individual claims for compensatory and punitive damages).

Thus, based on the "broad sweep" of ERISA's preemption provision, Plaintiff has failed to state any cause of action for which relief may be granted by this Court. Therefore, Plaintiff's claims for punitive and/or extra-contractual damages included within the prayer for relief in her Complaint must be dismissed.

### III.  CONCLUSION

Plaintiff has failed to state any claim upon which relief may be granted by this Court as each of her claims sounds in common law, and are preempted by the governing principles of ERISA. Furthermore, as Plaintiff's claims are governed under ERISA, her claims for punitive and/or extra-contractual damages must be dismissed.

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiff's State Law Contract Claims and Claim for Punitive and/or Extra-Contractual Damages, along with any further relief to which this Court deems them entitled.

Respectfully submitted,

___/s/ Susan A. List_____
David G. Culley, Fed. Bar No. 2141
Susan A. List, Fed. Bar No. 3752
TYBOUT, REDFEARN & PELL
300 Delaware Avenue, Suite 1100
P.O. Box 2092
Wilmington, Delaware 19899
(302) 658-6901


J. Snowden Stanley, Jr. (Of Counsel)
SEMMES, BOWEN & SEMMES
250 West Pratt Street
Baltimore, Maryland 21201
(410) 539-5040

Attorneys for Defendants

DATED:   March 28, 2005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __28__ day of ___March___, 2004, copies of the foregoing Defendants' Memorandum in Support of Motion to Dismiss Plaintiff's State Law Contract Claims and Claim for Punitive and/or Extra-Contractual Damages, via e-filing on:

Robert C. McDonald, Esquire
Silverman, McDonald & Friedman
1010 N. Bancroft Parkway
Wilmington, Delaware 19805
Attorneys for Plaintiff

                                                              /s/ *Susan A. List*
                                                             Susan A. List