UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

SHARON MARMON-KACZOROWSKI *

    Plaintiff                                *

v.                                            *       Civil Action No.: 04-1470

CONTINENTAL CASUALTY      *
COMPANY, *et al.*
                                               *

    Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE PLAINTIFF'S JURY TRIAL DEMAND**

      Defendants, Continental Casualty Company and CNA Life Assurance Company (hereinafter "Defendants"), by their undersigned counsel, hereby file this Memorandum in Support of its Motion to Strike Plaintiff's Jury Trial Demand.

**I.**      **INTRODUCTION**

      This case involves a claim for disability benefits pursuant to an employee welfare benefit Plan (hereinafter "Plan") established to fund long-term disability benefits of the employees of Computer Sciences Corporation. Because this case concerns the interpretation and application of an employee welfare benefit plan, the Employees Retirement Income Security Act of 1974, as Amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, governs this lawsuit.

      Defendants seek to strike the Jury Trial Demand filed with the Plaintiff's Complaint. This request must be granted in light of the overwhelming judicial authority, in virtually every federal jurisdiction, establishing that jury trials are impermissible in actions for benefits brought under plans governed by ERISA. The decisions have determined that jury trials are not allowed in such ERISA cases because such claims for

benefits are governed by trust principles, to which no jury trial attaches, and are inherently equitable in nature, and therefore not for jury resolution. In view of the well-established case law dictating that plaintiffs claiming benefits under plans controlled by ERISA are not entitled to jury trials, this Court should strike Plaintiff's Jury Trial Demand.

## II.     ARGUMENT

### A.     This Court Must Strike The Plaintiff's Jury Trial Demand Because There Is No Constitutional or Statutory Authority Providing A Right To A Jury Trial In Actions For Benefits Under An ERISA Plan And It Is Well-Established That Claims Falling Under ERISA Are Not Tried Before Juries.

Plaintiff has demanded a trail by jury in this case. However, ERISA itself supplies no right to a jury trial within its provisions. Furthermore, this Court has held unequivocally that a claim for benefits under an ERISA-covered employee welfare benefit plan is equitable in nature, and no right to a jury trial exists. See Haeffele v. Hercules, Inc., 703 F. Supp. 326, 3313 (D. Del. 1989) (holding that an employee's state law contract claim was equitable in nature and therefore a jury trial on that claim was inappropriate); Gilliken v. Hughes, 609 F. Supp. 178, 181 (D. Del. 1985) (holding that the Seventh Amendment does not provide a right to jury trial in actions under ERISA, which provides for private enforcement through civil actions brought by participants in, or beneficiaries of, an employee benefit plan). These cases are consistent with the established law in the Third Circuit on this issue. See, e.g., Cox v. Keystone Carbon Co. 894 F.2d 647, 649-50 (3d Cir. 1990) (holding that employee was not entitled to jury trial on his claim under ERISA), cert. denied, 498 U.S. 811 (1990); Pane v. RCA Corp., 868 F.2d 631, 636 (3d Cir. 1989) (holding that an employee is not entitled to a jury trial in an action brought under ERISA because such an action is equitable in nature); Turner v. CF & I Steel Corp., 770 F.2d 43, 48 (3d Cir. 1985) (finding that a litigant is not entitled to a

jury trial in a case brought pursuant to an ERISA employee benefit plan), cert. denied, 474 U.S. 1058 (1986).

It is a virtually universal rule that claimants seeking to recover benefits pursuant to employee welfare plans governed by ERISA are not entitled to jury trials. The vast majority of federal appellate courts, have held that there is no right to a jury trial in ERISA cases. See, e.g., Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156 (10th Cir. 1998) (holding that plaintiff's claims for recovery of benefits under ERISA § 1132 (a)(1)(B) were not entitled to a jury trial); Sullivan v. LTV Aerospace & Defense Co., 82 F.3d 1251, 1258-59 (2d Cir. 1996) (stating that there is no jury right under ERISA); Houghton v. SIPCO, 38 F.3d 953, 957 (8th Cir. 1994) (holding that there is no right to a jury trial of ERISA claims); Borst v. Chevron Corp., 36 F.3d 1308, 1324 (5th Cir. 1994), cert. denied, 514 U.S. 1066 (1995); Spinelli v. Gaughan, 12 F.3d 853, 858 (9th Cir. 1993) (holding that the Seventh Amendment did not entitle plaintiff to a jury trial on her ERISA claim as ERISA provided only equitable relief); Biggers v. Wittek Indus., Inc., 4 F.3d 291, 297-98 (4th Cir. 1993) (concluding that a claim for benefits under ERISA should have been tried by the court rather than before a jury); Blake v. Unionmutual Stock Life Ins. Co. of Am., 906 F.2d 1525, 1526 (11th Cir. 1990) (holding that beneficiaries were not entitled to a jury trial on their ERISA claim for additional medical benefits under a group health policy as their action was equitable in nature); Bair v. General Motors Corp., 895 F.2d 1094, 1096-97 (6th Cir. 1990) (holding that employee's claim for early retirement under ERISA was equitable in nature; therefore, employee was not entitled to a jury trial).

### III. CONCLUSION

In view of the overwhelming case authority, both within this Court, the Third Circuit and other federal courts, holding that no jury right is allowed in claims for benefits under employee benefit plans governed by ERISA, this Court should grant Defendants' Motion Strike Plaintiff's Jury Trial Demand in this matter.

Respectfully submitted,


   /s/  Susan A. List
David G. Culley, Fed. Bar No. 2141
Susan A. List, Fed. Bar No. 3752
TYBOUT, REDFEARN & PELL
300 Delaware Avenue, Suite 1100
P.O. Box 2092
Wilmington, Delaware 19899
(302) 658-6901

J. Snowden Stanley, Jr. (Of Counsel)
SEMMES, BOWEN & SEMMES
250 West Pratt Street
Baltimore, Maryland 21201
(410) 539-5040


Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this __28_ day of _March_____, 2005, a copy of the foregoing Defendants' Memorandum in Support of Motion to Strike Plaintiff's Jury Trial Demand and proposed Order were served, via e-filing, on:

Robert C. McDonald, Esquire
Silverman, McDonald & Friedman
1010 N. Bancroft Parkway
Wilmington, Delaware 19805
Attorneys for Plaintiff

             _/s/ Susan A. List_
             Susan A. List