IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

SHARON MARMON-KACZOROWSKI    :
                                                :    C.A. No.: 04-1470
       Plaintiff,    :
                                                :
v.    :
                                                :
CONTINENTAL CASUALTY    :
COMPANY, et al.    :
                                                :
       Defendants.    :

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S STATE LAW CONTRACT CLAIMS
AND CLAIMS FOR PUNITIVE AND/OR EXTRA-CONTRACTUAL DAMAGES**

COMES NOW, Plaintiff, Sharon Marmon-Kaczorowski, by and through the undersigned counsel, and hereby requests that this Honorable Court deny Defendants' Motion to Dismiss Plaintiff's State Law Contract Claims and Claims for Punitive and/or Extra-Contractual Damages, and in support of said motion states:

1. On or about October 25, 2004, Plaintiff filed a complaint against Defendants in the Superior Court of New Castle County alleging breach of Continental Casualty Group Policy No. Sr-83090156 issued to Plaintiff through her employer Computer Sciences Corporation, at Plaintiff's sole expense, for failure to pay long term disability benefits and bad faith.

2. Plaintiff has exhausted all administrative remedies provided under the policy.

3. On or about November 24, 2004, Defendants removed this action to United States District Court for the District of Delaware, arguing that Plaintiff's claim involved a federal question under ERISA.

4. Plaintiff did not oppose Defendants' removal to United States District Court.

5. In considering a motion to dismiss under Rule 12(b)(6), the court is "required to

accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." Jordan v. Fox, 20 F.3d 1250, 1261 (3d. Cir. 1994). Further, in determining whether a claim should be dismissed under Rule 12 (b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record. Moreover, a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistently with the plaintiff's allegations. Id. The moving party has the burden of persuasion. Kehr Packages, Inc. V. Fidelcor, Inc., 926 F.2d 1406,1409 (3rd Cir. 1991).

6. Certain federal laws, ... including ERISA, so sweepingly occupy a field of regulatory interest that any claim brought within that field, however stated in the complaint, is in essence a federal claim. Levone v. United Health Care Corporation, 402 F.3d 156, 162 (3rd Cir. 2005) citing Metro Life Insurance Co. V. Taylor, 481 U.S. 58, 63-64 (1987).

7. Section 502(a) allows a participant in an ERISA plan to bring a civil action to "recover benefits due to him/her under the terms of his/her plan, to enforce his/her rights under the terms of the plan, or to clarify his/her rights to future benefits under the terms of the plan. 29 U.S.C. §1132(a)(1)(B).

8. Plaintiff's complaint as it stands is essentially seeking her rights under Section 502(a) of ERISA. Plaintiff is seeking payment of her long term disability benefits from a plan in which she economically contributed. Such claims should not be denied based on language and wording. In accordance with Levone, any claim brought for long term disability benefits under a plan, however stated in the complaint, is in essence a federal claim, and should be tried on the merits of the case.

9. The doctrine of "complete preemption" is an exception to the well plead complaint rule. The doctrine provides that "to the extent that Congress has displaced a plaintiff's state law claim, that intent informs the well-plead complaint rule, and a plaintiff's attempt to utilize the displaced state law is properly "recharacterized" as a complaint arising under federal law. Rice v. Panachal, 65 F.3d 637, 640 (7th Cir. 1995), as amended on denial of reh'g (Nov. 6, 1995), citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987). Therefore, federal subject matter jurisdiction exists if the complaint concerns an area of law which Congress has "completely preempted" by federal law, even if the complaint does not mention a federal basis of jurisdiction.

10. Plaintiff's complaint should not be dismissed due to the theory of "complete preemption" under ERISA. Plaintiff originally filed her complaint in the Superior Court of the State of Delaware. Plaintiff's complaint was "well plead" in conformity with the rules of that court. Defendant chose to remove Plaintiff's action to Federal Court, to which Plaintiff did not object. Therefore, Defendant's argument that Plaintiff's complaint should be dismissed merely because it does not state a claim specifically under ERISA constitutes form over substance and should not hold great weight with this Court. ERISA governs claims made by beneficiaries when providers fail to pay the benefits owed. Plaintiff's claim, though improperly worded for Federal Court, is seeking the same relief that ERISA provides, payment of her benefits.

11. Plaintiff requests that this Court grant her leave to file an amended complaint so that Plaintiff can illustrate her claims under the backdrop of ERISA. Amendments to pleadings are freely given when justice so requires under Federal Rule of Civil Procedure 15(a). Claims should be decided on merits rather than on technicalities. Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d. Cir. 1990) With the Court's permission Plaintiff's amended complaint will state

causes of action, a violation of ERISA, in which Plaintiff will allege the unlawful denial of her benefits and failure to provide Plaintiff with a copy of the policy in effect between the parties. Such amendment will cure any deficiencies that the original complaint may have contained.

12. The nature of Plaintiff's claim will not change, therefore, Plaintiff requests that the Court permit her to amend her complaint under a theory of basic fundamental fairness.

WHEREFORE, Plaintiff, Sharon Marmon-Kaczorowski respectfully requests that this Honorable Court enter an Order denying Defendant's Motion to Dismiss and allowing Plaintiff to amend her complaint to indicate her causes of action in violation of ERISA.

SILVERMAN, McDONALD & FRIEDMAN

By: _____
Robert C. McDonald, Esquire
1010 N. Bancroft Parkway
Wilmington, Delaware 19805
(302) 888-2900
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARON MARMON-KACZOROWSKI : | |
| : | C.A. No.: 04-1470 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| CONTINENTAL CASUALTY : | |
| COMPANY, et al. : | |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I, Robert C. McDonald, hereby certify that a copy of Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Plaintiff's State Law Contract Claims and Claims for Punitive and/or Extra-Contractual Damages was served this 21st day of April, 2005, via hand delivery and via federal court e-filing upon:

Susan A. List, Esquire
Tybout, Redfern & Pell
300 Delaware Avenue, Suite 1100
P.O. Box 2092
Wilmington, DE 19899

SILVERMAN, McDONALD & FRIEDMAN

By: _____
Robert C. McDonald, Esquire
1010 N. Bancroft Parkway
Wilmington, Delaware 19805
(302) 888-2900
Counsel for Plaintiff