UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHARON MARMON-KACZOROWSKI | * | |
| **Plaintiff** | * | |
| v. | * | Civil Action No.: 04-1470 JJF |
| CONTINENTAL CASUALTY COMPANY | * | |
| | * | |
| **Defendants** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

The Defendant, Continental Casualty Company, by its undersigned counsel, for its Answer to Plaintiff's Amended Complaint filed against it herein, states:

1. It admits the allegations of paragraph 1 of the Amended Complaint.

2. It admits that Sharon Marmon-Kaczorowski is a citizen of the state of Delaware and resides at 65 Queens Way, Newark, Delaware 19713, but it denies that she is a qualified participant in the CNA plan within the meaning of 29 U.S.C.A. § 102(7).

3. It admits the allegations of paragraph 3 of the Amended Complaint.

4. It admits the allegations of paragraph 4 of the Amended Complaint.

5. It admits the allegations of paragraph 5 of the Amended Complaint.

6. It denies the allegations of paragraph 6 of the Amended Complaint.

7. It is presently without knowledge or information sufficient to form a belief as to the truth that Plaintiff was the primary financial provider for her family, and therefore denies same, but admits that she participated in the long-term disability plan offered by her employer.

8. It admits that Plaintiff was a participant in a disability insurance policy with Continental Casualty Company, Group Policy No. SR-83090156.

9. It admits the allegations of paragraph 9 of the Amended Complaint.

10. It admits the allegations of paragraph 10 of the Amended Complaint.

11. It is presently without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint, and therefore denies the same.

12. It admits the allegations of paragraph 12 of the Amended Complaint.

13. It admits the allegations of paragraph 13 of the Amended Complaint.

14. It admits the allegations of paragraph 14 of the Amended Complaint.

15. It admits the allegations of paragraph 15 of the Amended Complaint.

16. It admits that Plaintiff's physician submitted a medical questionnaire stating that Plaintiff was unable to function for more than ten minutes on the telephone or sitting at a computer, but is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the Amended Complaint, and therefore denies the same.

17. It admits the allegations of paragraph 17 of the Amended Complaint.

18. It admits the allegations of paragraph 18 of the Amended Complaint.

19. It admits the allegations of paragraph 19 of the Amended Complaint.

20. It admits the allegations of paragraph 20 of the Amended Complaint.

21. It admits the allegations of paragraph 21 of the Amended Complaint.

22. It admits the allegations of paragraph 22 of the Amended Complaint.

23. The allegations of paragraph 23 of the Amended Complaint contain allegations as to legal conclusions to which no response is required from this Defendant. However, if the Court should deem a response necessary, then those allegations are denied.

24. The allegations of paragraph 24 of the Amended Complaint contain allegations as to legal conclusions to which no response is required from this Defendant. However, if the Court should deem a response necessary, then those allegations are denied.

25. The allegations of paragraph 25 of the Amended Complaint contain allegations as to legal conclusions to which no response is required from this Defendant. However, if the Court should deem a response necessary, then those allegations are denied.

26. It is presently without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Amended Complaint, and therefore denies the same.

27. It is presently without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Amended Complaint, and therefore denies the same.

## AFFIRMATIVE DEFENSES

1. For its First Affirmative Defense, it states that the Plaintiff's Amended Complaint fails to state a claim against it upon which relief may be granted.

2. For its Second Affirmative Defense, it states that the decision to deny Plaintiff's disability benefits was required by the terms and conditions of the policy at issue in this case.

3. For its Third Affirmative Defense, it states that the decision to deny Plaintiff disability benefits was reasonable based upon the administrative record.

4. For its Fourth Affirmative Defense, it states that the Plaintiff is not entitled to obtain any future disability benefits as the policy at issue in this case requires proof of continuing entitlement to disability benefits and any reward of future disability benefits may be impacted by changes in the Plaintiff's condition, the application of exclusions or offsets applicable under the policy and would be entirely speculative.

5. For its Fifth Affirmative Defense, it states that CNA Life Assurance Company did not issue the insurance policy at issue and, therefore, has no liability to the Plaintiff.

WHEREFORE, the Defendant, Continental Casualty Company, prays this Court to enter judgment in its favor dismissing the Plaintiff's Amended Complaint and for such other and further relief as this Court may deem necessary and proper under the circumstances.

Respectfully submitted,

/s/ Susan A. List
David G. Culley, Esquire (#2141)
Susan A. List, Esquire (#3752)
300 Delaware Avenue, Suite 1100
P.O. Box 2092
Wilmington, Delaware 19899
(302) 658-6901

**Of Counsel**:

J. Snowden Stanley, Jr.
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, Maryland 21201
(410) 539-5040

Attorneys for the Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of May, 2005 a copy of Defendants' Answer to Plaintiff's Amended Complaint was served, via e-filing, on:

Robert C. McDonald, Esquire
Silverman, McDonald & Friedman
1010 N. Bancroft Parkway
Wilmington, Delaware 19805
Attorneys for Plaintiff

/s/ Susan A. List
Susan A. List

marmon.answer to amended complaint.wpd