IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARON MARMON-KACZOROWSKI : | |
| : | Civil Action No.: 04-1470 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| CONTINENTAL CASUALTY : | |
| COMPANY, : | |
| : | |
| Defendant. : | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff, Sharon Marmon-Kaczorowski, by and through the undersigned counsel, and hereby requests that this Honorable Court deny Defendants' Motion for Summary Judgment, and in support of said motion states:

**I.   PROCEDURAL HISTORY**

On or about October 25, 2004, plaintiff, Sharon Marmon-Kaczorowski (hereinafter " Ms. Kaczorowski) filed a Complaint against defendant, Continental Casualty Group (hereinafter "Continental") in the Superior Court of New Castle County alleging breach of Continental Casualty Group Policy No. Sr-83090156 (hereinafter "the Policy") issued to Ms. Kaczorowski through her employer Computer Sciences Corporation, at Plaintiff's sole expense, for failure to pay long term disability benefits and bad faith.  On or about November 24, 2004, Continental removed this action to United States District Court for the District of Delaware, arguing that Ms. Kaczorowski's claim involved a federal question under ERISA.  Ms. Kaczorowski thereafter amended her Complaint seeking her rights under Section 502(a) of ERISA, seeking payment of her long term disability benefits.

1

Ms. Kaczorowski is seeking payment of her long term disability benefits under the Policy in accordance with section 502(a) of ERISA which allows a participant in an ERISA plan to bring a civil action to "recover benefits due to him/her under the terms of his/her plan, to enforce his/her rights under the terms of the plan, or to clarify his/her rights to future benefits under the terms of the plan. 29 U.S.C. §1132(a)(1)(B). This is a result of Continental's arbitrary and capricious denial of disability benefits due to Plaintiff under the Policy.

On or about July 28, 2005, defendant, Continental filed a Motion for Summary Judgment and Memorandum in Support of Defendant's Motion for Summary Judgement arguing that Continental is entitled to Summary Judgement because in Continental's opinion Ms. Kaczorowski did not qualify for benefits under the Continental policy as she did not satisfy the definition of "disability" provided by the policy.

## II. FACTS

Ms. Kaczorowski began her employment with Computer Sciences Corporation on January 21, 2001. (Record at CCC00023).[1] Ms. Kaczorowski was employed as a senior claims manager. Her job duties included but were not limited to, project management, troubleshooting, computer and telephone work and attending meetings. (Record at CCC00131). Ms. Kaczorowski's last date of work for Computer Sciences Corp. was June 19, 2002. (Record at CCC00109).

Ms. Kaczorowski's employer, Computer Sciences Corporation, as a part of the plaintiff's package of employment benefits, provided a health care and disability program. (Complaint at ¶ 5)[2]

---

[1] Citations to the Continental Casualty Company Confidential Administrative Record filed under seal will be as follows: (Record at _____).

[2] Citations to Plaintiff's Amended Complaint attached as Exhibit A will be as follows: (Complaint at ¶ ___).

2

Computer Sciences Corporation contracted with Continental, as the program administrator, for a policy of benefits. (Complaint at ¶ 6)

Ms. Kaczorowski elected to purchase, at her expense, long term disability coverage through the plan being offered by her employer.(Complaint at ¶ 7) A policy of health care and disability insurance was issued by Continental, policy number 83090156, wherein Ms. Kaczorowski was a named beneficiary. (Complaint at ¶ 8) At all times relevant, the policy of insurance was in effect and all premiums paid in a timely fashion. (Complaint at ¶ 9)

In 1999, Ms. Kaczorowski was diagnosed with meningitis and was hospitalized. (Complaint at ¶ 10) As a result of contracting meningitis, Ms. Kaczorowski was left with severe pain in her hands and feet which ultimately spread throughout her entire body. (Complaint at ¶ 11) Ms. Kaczorowski was eventually diagnosed with an autoimmune disease. (Complaint at ¶ 12) In June of 2002, Ms. Kaczorowski's physician issued a certificate total disability. (Complaint at ¶ 13) (Record at CCC00025)

On or about June 20, 2002 through June 24, 2002, Ms. Kaczorowski was hospitalized due to sever pain as a result of fibromyalgia. Ms. Kaczorowski was also suffering severe pain, difficulty sleeping and walking due to pain in her legs. On or about July 8, 2002, Dr. Mary Ann Connor, Ms. Kaczorowski's primary care physician, filled out a Short/Long Term Disability Claim Form indicating that Ms. Kaczorowski was unable to work due to uncontrolled hypertension, non cardiac chest pain, chronic pain, ambulating dysfunction, asthma, and migraine. (Record at CCC00025) Continental acknowledges that Ms. Kaczorowski was initially treated by Dr. Connor for fibromyalgia. (Record at CCC00027). Dr. Connor also completed a function assessment tool for Continental on August 27, 2002, indicating that plaintiff was unable to work citing that Ms. Kaczorowski could not function for more than ten minutes on the phone or sitting at a computer due

3

to increased fatigue. (CCC000114)

Ms. Kaczorowski required the use of a cane while walking. In a telephone interview with Continental Ms. Ms. Kaczorowski admitted that at times she was able to drive, do light housework, and periodically use the telephone and computer. (Record at CCC00130 - CCC00131)

Ms. Kaczorowski underwent various testing prescribed by Dr. Connor to attempt to diagnose and control her condition. (Record at CCC0042 - CCC0046, CCC00068 - CCC0086) Ms. Kaczorowski also attended physical therapy at Delaware Currative and Health South as a result of her severe pain from fibromyalgia (Record at CCC00065 - CCC00066, CCC00090-CCC00097)

On October 14, 2002, Dr. Connor continued to excuse Ms. Kaczorowski from work as a result of her disability. (Record at CCC00108) On November 12, 2002, Dr. Connor indicates that Ms. Kaczorowski is unable to work as a result of chronic fatigue and pain as a result of her fibromyalgia. Dr. Connor also recommends that Ms. Kaczorowski go to see a specialist at Hopkins. (Record at CCC0040)

Following the issuance of the disability certificate, Ms. Kaczorowski applied for short term disability benefits from Continental. Benefits were denied. (Complaint at ¶ 14) Ms. Kaczorowski submitted, in a timely fashion, applications for short and long term benefits. Ms. Kaczorowski's physician submitted a medical questionnaire certifying that Ms. Kaczorowski was unable to function for more than ten minutes on the telephone or sitting at a computer, requirements necessary to perform her employment obligations. (Complaint at ¶16)(Record at CCC00114) On September 11, 2002, Defendant denied Ms. Kaczorowski's claim for disability benefits. (Complaint at ¶17)

Ms. Kaczorowski, pursuant to the provisions of the contract of insurance, appealed the initial denial to the Continental's Appeals Department. (Complaint at ¶ 18) On January 8, 2003, the Appeals Department affirmed the initial denial. (Complaint at ¶ 19)(Record at CCC00027-

4

CCC00029) The Appeals Department, when rendering its decision, concluded that Ms. Kaczorowski's condition was not commensurate with the medical findings of fact and the condition appeared to be self-limiting. (Complaint at ¶ 20 )(Record at CCC00027-CCC00029)

In December 2002, the Social Security Administration determined the Ms. Kaczorowski's condition, the same condition regarded by Continental as self-limiting, rendered her disabled. (Complaint at ¶ 21) Ms. Kaczorowski has now exhausted all administrative remedies provided by the plan. Ms. Kaczorowski remains totally disabled. (Complaint at ¶ 22)

The above mentioned decision of defendant, Continental in denying Ms. Kaczorowski benefits due under the terms of the disability plan was arbitrary, capricious, not made in good faith, unsupported by substantial evidence, erroneous as a matter of law, and in violation of ERISA.

## III.   SUMMARY JUDGMENT STANDARD

Summary judgement is proper where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court should determine whether there are factual issues that merit a trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgement is appropriate if no factual issues exist and the only issues before the Court are legal. Sempier v. Johnson and Higgins, 45 F. 3d 724, 727 (3d Cir. 1995). At summary judgment, the nonmoving party receives the benefits of all reasonable inferences. Sempier, 45 F.3d at 727. The motion should by granted if the record taken as a whole "could not lead a rational trier of fact to find for the nonmoving party, and there is no genuine issue for trial. Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L. Ed.2d 538.

5

IV.  **ARGUMENT**

**THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE DEFENDANT, CONTINENTAL CASUALTY COMPANY'S DECISION TO DENY PLAINTIFF'S BENEFITS DUE UNDER THE TERMS OF THE DISABILITY POLICY WAS ARBITRARY, CAPRICIOUS, NOT MADE IN GOOD FAITH, UNSUPPORTED BY SUBSTANTIAL EVIDENCE AND ERRONEOUS AS A MATTER OF LAW, IN VIOLATION OF ERISA.**

The ERISA statute itself does not dictate a standard of review. However, the Supreme Court addressed this issue in Firestone Tire and Rubber Co. V. Brunch, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), and determined that a denial of benefits challenged under §1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan... Of course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a factor in determining whether there is an abuse of direction. Id. at 115, 109 S. Ct. 948 (citation omitted). Under Firestone, when a plan grants its administrator discretionary authority, courts should limit review of the administrator's decision to abuse of discretion. Firestone also instructs that a discretionary administrator's conflict of interest should influence the amount of deference a court shows in its review of the decision under the abuse of discretion standard.

The Third Circuit has subsequently held that when the language of a plan gives the administrator discretionary authority, courts must apply the arbitrary and capricious standard of review. Abnathya v. Hoffman-LaRoche, Inc., 2 F.3d 40, 44-45 (3d. Cir. 1993). Under that highly deferential standard of review, a court must defer to the administrator's decision unless the decision " is not clearly supported by the evidence in the record or the administrator has failed to comply with the procedures required by the plan." Id. at 41. The discretion required to

6

trigger the arbitrary and capricious standard of review can be express or implied from the plan's terms. Luby v. Teamsters Health Welfare and Pension Trust Funds, 944 F.2d 1176, 1180 (3d. Cir. 1991).

Pursuant to the Policy language, Continental has conferred upon itself the discretion to determine benefits and authority and control over the Policy.[3] The arbitrary and capricious standard applies to Ms. Kaczorowski's suit seeking payment of her total disability benefits.

The Third Circuit held in Pinto v. Reliance Standard Life Insurance Co., 214 F. 3d 377, 378 (3d. Cir 2000), that when an insurance company both insures and administers benefits, it is generally acting under a conflict of interest that warrants a heightened form of the arbitrary and capricious review standard. Id. The Third Circuit in Pinto recognized that the typical insurance company is structured so that the payment of claims directly affect its profits. Given that self interest "there would seem to be insufficient incentive for the carrier to treat borderline cases ... with the level of attentiveness and solicitude that Congress imagined when it created ERISA fiduciaries." Id. at 388. The Third Circuit concluded that a heightened standard is appropriate when reviewing benefit denials of insurance companies that pay ERISA benefits out of their own funds. Id. at 390. In Pinto, the Third Circuit adopted a "sliding scale" approach to review under a "heightened" arbitrary and capricious standard. The Court should "consider the nature and degree of apparent conflicts with a view to shaping their arbitrary and capricious review." Id. As both the insurer and the claims administrator to Ms. Kaczorowski's policy, it is

---

[3] "The Policy is delivered in and is governed by the laws of the governing jurisdiction to the extent applicable by the Employee Retirement Income Security Act of 1974 (ERISA) and any amendments. When making a benefit determination under the policy, *We* have discretionary authority to determine *Your* eligibility for benefits and to interpret the terms and provision of the policy. (Record at CCC00008)

7

clear that Continental has a clear financial stake in the denial of benefits and is therefore acting under a conflict of interest, requiring a heightened form of arbitrary and capricious review by this Court.

The medical evidence provided to Continental by Plaintiff was sufficient as to render Plaintiff "*Disabled*" under the Policy, therefore entitling her to benefits.

"*Disability*" as defines under Continental's Policy is as follows:

**HOW DO WE DEFINE DISABILITY?**

*Disability* or *Disabled* means that *You* satisfy the Occupation Qualifier or the Earnings Qualifier as defined below.

**Occupation Qualifier**
"*Disability*" means that during the *Elimination Period* and the following 24 months, *Injury* or *Sickness* causes physical or mental impairment to such a degree of severity that *You* are:
1. continuously unable to perform the *Material and Substantial Duties of Your Regular Occupation*; and
2. not working for wages in any occupation for which *You* are or become qualified in education, training or experience.

After the *Monthly Benefit* has been payable for 24 months, "*Disability*" means that *Injury* or *Sickness* causes physical or mental impairment to such a degree of severity that *You* are:
1. continuously unable to engage in any occupation for which *You* are or become qualified by education, training or experience; and
2. not working for wages in any occupation for which *You* are or become qualified by education, training or experience.

**Earnings Qualifier**
*You* may be considered *Disabled* during and after the *Elimination Period* in any Month in which *You* are Gainfully employed, if an *Injury* or *Sickness* is causing physical or mental impairment to such a degree of severity that *You* are unable to earn more than 80% of *Your Monthly Earnings* in any occupation for which *You* are qualified by education, training or experience. On each anniversary of *Your Disability*, We will increase the *Monthly Earnings* by the lesser of the current annual percentage increase in CPI-W, or 10%.

*You* are not considered to be *Disabled* if *You* earn more than 80% of *Your Monthly Earnings*. Salary, wages partnership or proprietorship draw, commissions, bonuses, or

similar pay, and any other income *You* receive or are entitled to receive will be included. Sick pay and salary continuance payments will not be included. Any lump sum payment will be prorated, based on the time over which it accrued or the period for which it was paid.

(Record at CCC00010)

It is clear from the factual evidence provided in the Record CCC00023 through CCC00135 that Ms. Kaczorowski was suffering from severe pain as a result of her fibromyalgia. Ms. Kaczorowski not only underwent a series of testing, hospitalization, and physical therapy, but she also takes a series of medications daily to try to control her painful condition.

While Continental would like to argue that its phone interview with Ms. Kaczorowski provides evidence that she is able to work at a medium or even light duty job, they are mistaken. Ms. Kaczorowski phone interview not only supports her credibility but establishes that she is able to perform some tasks in a limited function depending on her pain level from day to day.

If the Court reviews the entire Administrative record supplied by Continental it is clear that Ms. Kaczorowski is suffering from a painful condition which renders her totally disabled and unable to perform the material and substantial duties of her regular occupation.

WHEREFORE, Plaintiff, Sharon Marmon-Kaczorowski respectfully requests that this Honorable Court enter an Order denying Defendant's Motion for Summary Judgment as Continental's denial was arbitrary and capricious.

                                              **SILVERMAN, McDONALD & FRIEDMAN**

                                        By: /s/Robert C. McDonald
                                              Robert C. McDonald, Esquire
                                              Bar I. D. No. 2340
                                              1010 N. Bancroft Parkway, Suite 22
                                              Wilmington, Delaware 19805

(302) 888-2900
Counsel for Plaintiff

10