IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHARON MARMON-KACZOROWSKI  :

    Plaintiff,  :  C.A. 04-1470 JJF

    v.  :

CONTINENTAL CASUALTY COMPANY  :
~~and CNA LIFE ASSURANCE COMPANY~~,  :

    Defendants.  :

## AMENDED COMPLAINT

1. This action arises under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") and more particularly §502(a)(1)(B) and §502(c) of said Act. 29 U.S.C.A. §1132(a)(1)(B), 1132(c). This Court has jurisdiction of this matter under 29 U.S.C.A. §1132 (e).

2. Plaintiff, Sharon Marmon-Kaczorowski a citizen of the state of Delaware and resides at 65 Queens Way, Newark, Delaware 19713 and is a qualified participant in the Continental plan within the meaning of 29 U.S.C.A. §102(7).

3. Defendant Continental Casualty Company (hereinafter "Continental") of CNA Plaza, Chicago, Illinois 60685 is, upon information and belief, a foreign corporation doing business in the State of Delaware. Continental is subject to service of process pursuant to 8 Del. C. §382.

4. ~~Defendant, CNA Life Assurance Company of P.O. Box 946710, Maitland, Florida 32794-6710 is, upon information and belief, a foreign corporation doing business~~

~~in the State of Delaware. CNA is subject to service of process pursuant to 8 Del.~~

~~C. §382.~~

## COUNT I

4. At all times relevant, Plaintiff was employed, solely within the state of Delaware as a senior manager for Computer Sciences Corporation of El Segundo, California.

5. Plaintiff's employer, Computer Sciences Corporation of 2100 E. Grand Avenue, El Segundo, California 90245, as a part of the Plaintiff's package of employment benefits, provided a health care and disability program.

6. Computer Sciences Corporation contracted with Continental, with CNA as the program administrator, for a policy of benefits.

7. Plaintiff, as the primary financial provider for her family, ~~she~~ elected to purchase, at her expense, long term disability coverage through the plan being offered by her employer.

8. A policy of health care and disability insurance was issued pursuant to policy number 83090156 wherein Plaintiff was a named beneficiary.

9. At all times relevant, the policy of insurance was in effect and all premiums paid in a timely fashion.

10. In 1999, Plaintiff was diagnosed with meningitis and was hospitalized.

11. As a result of contracting meningitis, Plaintiff was left with severe pain in her hands and feet which ultimately spread throughout her entire body.

12. Plaintiff was eventually diagnosed with an autoimmune disease.

13. ~~On~~ <u>In</u> June <u>of</u> 2002, Plaintiff's physician issued a certificate total disability.

14. Following the issuance of the disability certificate, Plaintiff applied for short term disability benefits from Defendant. Benefits were denied. ~~by Defendants.~~

15. Plaintiff submitted, in a timely fashion, applications for short and long term benefits.

16. Plaintiff's physician submitted a medical questionnaire certifying that Plaintiff was unable to function for more than ten minutes on the telephone or sitting at a computer. All requirements necessary to perform her employment obligations.

17. On September 11, 2002, ~~Defendants~~ denied Plaintiff's claim for disability benefits.

18. Plaintiff, pursuant to the provisions of the contract of insurance, appealed the initial denial to the Defendant's Appeals Department.

19. On January 8, 2003, the Appeals Department affirmed the initial denial.

20. The Appeals Department, when rendering its decision, concluded that Plaintiff's condition was not commensurate with the medical findings of fact and the condition appeared to be self-limiting.

21. In December 2002, the Social Security Administration determined the Plaintiff's condition, the same condition regarded by Defendants as self-limiting, rendered her disabled.

22. Plaintiff has now exhausted all administrative remedies provided by the plan.

23. Defendant<u>'s</u> actions <u>were</u> ~~in~~ wrongfully <u>in</u> denying both short term and long term disability benefits to the Plaintiff ~~constitute a breach of contract.~~

24. ~~Defendants, by breaching its contract of long term disability benefits, has inflicted severe emotional, financial and physical stress upon Plaintiff.~~

24. ~~Defendants actions were arbitrary and capricious and an act of bad faith given the substantial medical evidence to the contrary.~~ The above mentioned decision of Defendant employer in denying Plaintiff benefits due under the terms of the disability plan was arbitrary, capricious, not made in good faith, unsupported by substantial evidence, erroneous as a matter of law, and in violation of ERISA.

25. Plaintiff remains totally disabled.

26. As a direct and proximate result of the actions of Defendant, Plaintiff has been caused to incur attorney's fees in an amount not currently known to Plaintiff.

27. As the direct and proximate result of the above Defendant's actions, Plaintiff has lost benefits in an amount not known in full by Plaintiff but upon belief and information such loss approximates the amount of benefits under the terms of the disability plan for each month since Plaintiff's date of disability and the amount that Plaintiff will continue to sustain each month until benefits are paid in full.

**WHEREFORE**, Plaintiff requests relief against Defendant as follows:

1. An order for Defendant to pay Plaintiff all disability benefits accrued and unpaid to the date of judgment;

2. Plaintiff be awarded attorney's fees and costs of this action and such other relief that is deemed appropriate.

## COUNT II

28. Plaintiff hereby incorporated paragraphs one through twenty seven above.

29. On November 11, 2003, Plaintiff's attorney, on her behalf, sent a written request to Defendant requesting a copy of the long term disability plan in question.

30. Defendant has failed to respond to the written request to this date and has thereby violated 29 U.S.C.A. §1024 (b)(4) and 1132(c) of ERISA and prejudiced the claim of Plaintiff.

31. As a direct and proximate result of the actions of Defendant, Plaintiff has been caused to incur attorney's fees in an amount currently not known to Plaintiff.

WHEREFORE, Plaintiff requests relief against Defendant as follows:

1. An order requiring the Defendant to pay Plaintiff one hundred dollars ($100) a day commencing thirty days after the written request for information was made to the date of Defendant's response to the request.

2. Imposition of such other penalties against the above named Defendant, that the Court deems appropriate.

3. An award of reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendants for long term disability benefits from the date of disability and ongoing; ~~punitive damages; compensatory damages resulting from the breach of contract,~~ attorney's costs, fees and any other relief that the court deems appropriate.

SILVERMAN, McDONALD & FRIEDMAN

By: _____
Robert C. McDonald, Esquire
Bar I.D. No. 2340
1010 N. Bancroft Parkway, Suite 22
Wilmington, Delaware 19805
(302) 888-2900
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARON MARMON-KACZOROWSKI | C.A. 04-1470 JJF |
| Plaintiff, | |
| v. | |
| CONTINENTAL CASUALTY COMPANY and ~~CNA LIFE ASSURANCE COMPANY~~, | |
| Defendants. | |

CERTIFICATE OF SERVICE

I, Robert C. McDonald, Esquire do hereby certify that a copy of Plaintiff's Amended Complaint was served via District Court of Delaware e-filing this 19th day of May, 2005 upon:

Susan A. List, Esquire
Tybout, Redfern & Pell
300 Delaware Avenue, Suite 1100
P.O. Box 2092
Wilmington, DE 19899

SILVERMAN, McDONALD & FRIEDMAN

By: _____
Robert C. McDonald, Esquire
Bar I.D. No. 2340
1010 N. Bancroft Parkway, Suite 22
Wilmington, Delaware 19805
(302) 888-2900
Counsel for Plaintiff