IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHARON MARMON-KACZOROWSKI   *

           Plaintiff            *

      v.                 *

CONTINENTAL CASUALTY     *
COMPANY

                    *

          Defendant        *

**Civil Action No.: 04-1470**

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, Continental Casualty Company ("Continental"), by and through its undersigned counsel, hereby files its Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, and in support thereof states as follows.

**I.     INTRODUCTION**

As set forth more fully in Continental's previously filed Memorandum in Support of its Motion for Summary Judgment (hereinafter referred to as "Continental's Memorandum"), which is fully adopted and incorporated herein by reference, the dispute in this case relates to Plaintiff Sharon Marmon-Kaczorowski's ("Plaintiff" or "Ms. Marmon-Kaczorowski") claim for long-term disability ("LTD") benefits pursuant to Continental Policy No. SR-83090156 (the "Plan"), issued to Plaintiff's employer, Computer Sciences Corporation ("CSC"). As this case involves a claim made pursuant to an employee welfare benefit plan, Plaintiff's claim is governed by federal law, namely the Employee Retirement Income Security Act ("ERISA") of 1974, as amended 29

U.S.C. § 1100, *et. seq.* and § 1132.  Specifically, the Plaintiff has alleged that Continental's denial of LTD benefits under the Plan was arbitrary, capricious, not made in good faith[1] and was unsupported by substantial evidence.

The factual background of this case, which is not in dispute, is fully set forth in pages two through eight of Continental's Memorandum.  Furthermore, the relevant provisions of the Plan are fully set forth in pages three through four of Continental's Memorandum.

On September 12, 2005, Continental filed its Motion for Summary Judgment and Memorandum in support thereof on the ground that Ms. Marmon-Kaczorowski did not qualify for benefits under the Plan as she did not satisfy the definition of "Disability" as provided in the Plan.

On October 3, 2005, Ms. Marmon-Kaczorowski filed her Response in Opposition to Defendant's Motion for Summary Judgment and a Memorandum in support thereof (hereinafter referred to as "Plaintiff's Memorandum") in which she argues that there is a genuine issue of material fact as to whether Continental's decision to deny her LTD benefits was arbitrary, capricious, not made in good faith, unsupported by substantial evidence and erroneous as a matter of law, in violation of ERISA.

However, Ms. Marmon-Kaczorowski agrees that the Plan clearly and unambiguously confers upon Continental discretionary authority to determine disability benefits.  Moreover,

---

[1]Despite Plaintiff's "bad faith" allegation, it is well established that bad faith insurance claims under state law are preempted by ERISA.  Aetna Health, Inc. v. Davila, 124 S. Ct. 2488, 2495 (2004).  Accord Barbet v. UNUM Life Ins. Co. of Am., 383 F.3d 134, 144 (3d Cir. 2004) (holding that a state statute, which allowed an ERISA plan participant to recover punitive damages for bad faith conflict by insurers, supplemented ERISA's exclusive remedial scheme and was thus preempted).

contrary to Plaintiff's arguments, and as more fully set forth below, summary judgment in favor

of Continental is appropriate because the Plan's clear and unambiguous definition of

"Disability," when applied to the evidence in Continental's administrative record, supports

Continental's determination that Ms. Marmon-Kaczorowski failed to establish that she was

unable to perform the material and substantial duties of her regular occupation. Continental is

not bound by the opinions of Ms. Marmon-Kaczorowski's treating physician, and Ms. Marmon-

Kaczorowski fails to raise a genuine issue of material fact. The decision by the Social Security

Administration ("SSA") granting the Plaintiff's claim for Social Security disability benefits is not

binding on this Court and is not entitled to deference in assessing whether Continental abused its

discretion in denying Ms. Marmon-Kaczorowski's claim for LTD benefits under the Plan. It is

Ms. Marmon-Kaczorowski's burden, as the insured under the Plan, to substantiate her eligibility

for LTD benefits; however, Ms. Marmon-Kaczorowski did not satisfy this burden.

There is no genuine issue as to any material fact and the Defendant is entitled to judgment

as a matter of law. Consequently, Defendant's Motion for Summary Judgment must be granted.

## II.    LEGAL ARGUMENTS

### A.    *Plaintiff Agrees That The Plan Clearly And Unambiguously Confers Upon Continental Discretionary Authority To Determine Disability Benefits.*

As previously set forth in pages 10 through 16 of Continental's Memorandum, because

the Plan confers upon Continental discretionary authority to determined disability benefits, this

Court should apply the arbitrary and capricious standard of review accorded to the decisions of

plan administrators whose decisions may properly be reversed only if found to be an abuse of

discretion. In fact, Plaintiff expressly agrees that this "highly deferential standard of review"

applies to her action against Continental.  See Plaintiff's Memorandum, pp. 6-7.

Ms. Marmon-Kaczorowski contends only that since Continental served both as the insurer and the claims administrator in this case, a heightened form of arbitrary and capricious review should be applied.  See id., pp. 7-8.  Continental has previously acknowledged that it might be said to have acted under a conflict of interest in determining Ms. Marmon-Kaczorowski's LTD claim.  See Continental's Memorandum, pp. 14-16.  However, any conflict of interest which may be present does not negate the application of the arbitrary and capricious standard of review in this case.  See Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 387-88 (3d Cir. 2000).  Therefore, where the court determines that a conflict of interest exists, the court should still uphold the administrator's decision if the decision was *reasonable*, and the court may weigh the conflict of interest as a factor in analyzing the reasonableness of the decision.  See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).

**B.**    ***The Plan's Clear And Unambiguous Definition Of "Disability," When Applied To The Evidence In Continental's Administrative Record, Supports Continental's Determination That Ms. Marmon-Kaczorowski Failed To Establish That She Was Unable To Perform The Material And Substantial Duties Of Her Regular Occupation.***

In order to receive LTD benefits under the Plan, Ms. Marmon-Kaczorowski was required to satisfy the definition of "Disability" under the Plan, which is fully set forth on pages three and four of Continental's Memorandum.  See Bates CCC00010.  Federal common law requires that the beneficiary of an ERISA disability plan bear the burden that she is entitled to benefits under 29 U.S.C. § 1132(a)(1)(B).  See, e.g., Miller v. Rite Aid Corp., 334 F.3d 335, 343-44 (3d Cir. 2003) (holding that the employee had the burden of establishing that he met the definition of "participant"); Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 392 (3d Cir. 2000)

(holding that, under the arbitrary and capricious standard of review, the plaintiff has the burden of showing that the administrator's denial of benefits was "without reason, unsupported by substantial evidence or erroneous as a matter of law"); Mitchell v. Eastman Kodak Co., 113 F.3d 433, 439-40 (3d Cir. 1997) (holding that LTD benefits under an ERISA plan are not automatic; rather, the ERISA plan participant carries the burden of proving entitlement to benefits); Abnathya v. Hoffman - La Roche, Inc., 2 F.3d 40, 46 (3d Cir. 1993) (finding that the plan placed the burden on the participant to submit evidence to substantiate eligibility for continuing benefits). Moreover, the language of the Plan requires Ms. Marmon-Kaczorowski to provide written proof of disability to Continental. See Bates CCC00015-00016.

Continental's administrative record clearly provided it with sufficient evidence with which to conclude that Ms. Marmon-Kaczorowski did not satisfy the Plan's definition of "Disability" and, therefore, was not entitled to LTD benefits. The Court's review of this case will turn on its review of the pertinent Plan language. Under the Plan's definition of "Disability," Ms. Marmon-Kaczorowski is required to be "continuously unable to perform the *Material and Substantial Duties of Your Regular Occupation*; and not working for wages in any occupation for which *You* are or become qualified by education, training, or experience." Bates CCC00010. Moreover, "Regular Occupation" is defined in the Plan as "the occupation that *You* are performing for income or wages on *Your Date of Disability*. It is not limited to the specific position *You* held with *Your* employer." Bates CCC00019. "Material and Substantial Duties" is defined in the Plan as "the necessary functions of *Your Regular Occupation* which cannot be reasonably omitted or altered." Bates CCC00018. Therefore, Continental's evaluation focused on whether Ms. Marmon-Kaczorowski was unable to perform the material and substantial duties

of her occupation as a senior manager. The Plan further requires that Ms. Marmon-Kaczorowski provide Continental with "all necessary substantiating documentation." Bates CCC00016. However, the documentation provided by Ms. Marmon-Kaczorowski to Continental in support of her LTD claim did not establish her "Disability" under the Plan.

Pages 19 through 25 of Continental's Memorandum analyze and discuss in detail the materials Ms. Marmon-Kaczorowski submitted to it in support of her LTD claim. Specifically, Ms. Marmon-Kaczorowski continued to work in her occupation for nearly six months after initially consulting with her primary care provider, and the medical records during this period did not show that she was unable to perform the material and substantial duties of her regular occupation. Furthermore, the medical records during the period following Ms. Marmon-Kaczorowski's claimed date of disability, June 20, 2002, did not reflect that her condition notably changed and, accordingly, do not support a finding that she was precluded from performing the material and substantial duties of her regular occupation.

1.  ***Continental Is Not Bound By The Opinions Of Ms. Marmon -Kaczorowski's Treating Physician.***

Ms. Marmon-Kaczorowski argues that since her treating physician, Dr. Mary Ann Connor, declared that she was unable to work, she is, therefore, "disabled" under the Plan. See Plaintiff's Memorandum, pp. 3-4. However, as discussed at pages 26-27 of Continental's Memorandum, ERISA does not require plan administrators to accord special deference to the opinions of treating physicians. See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 829-30 (2003). Rather, the opinions of Ms. Marmon-Kaczorowski's treating physician(s) are required to be adequately substantiated by medical documentation and are to be considered in

-6-

context with the provisions of the Plan.  However, there is no medical documentation that establishes that Ms. Marmon-Kaczorowski was unable to perform the material and substantial duties of her sedentary occupation.

In fact, on December 30, 2002, Eugene Truchelut, M.D., Continental's consulting internist, conducted a full medical review of Ms. Marmon-Kaczorowski's medical records and concluded that the medical records provided for review did not describe physical, laboratory or radiological findings which would support a functional impairment and that she exhibited an ability to perform sedentary to light levels of activity.  See Continental's Memorandum, p. 26.

2.    *Ms. Marmon-Kaczorowski Fails To Raise A Genuine Issue Of Material Fact.*

Ms. Marmon-Kaczorowski, as the non-moving party, is required to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotations omitted).  Here, Ms. Marmon-Kaczorowski fails to raise a genuine issue of material fact which would preclude granting Continental's Motion for Summary Judgment.  There are no facts in dispute and Ms. Marmon-Kaczorowski is not challenging the factual content of the administrative record.

Ms. Marmon-Kaczorowski baldly states that she was "suffering from a painful condition which renders her totally disabled and unable to perform the material and substantial duties of her regular occupation." Plaintiff's Memorandum, p. 9.  She summarily cites to pages 23 through 135 of the administrative record in support of her conclusory statement, "Ms. Kaczorowski was suffering from severe pain as a result of her fibromyalgia." Plaintiff's Memorandum, p. 9.  Ms. Marmon-Kaczorowski further states, with no elaboration whatsoever, that her "phone interview not only supports her credibility but establishes that she is able to

perform some tasks in a limited function . . . ." Id.[2] These conclusory and self-serving statements are not sufficient to establish any genuine issue of material fact. Ms. Marmon-Kaczorowski may not simply rest upon the mere allegations of her Amended Complaint; rather, she is required to set forth specific facts to illustrate that there is a genuine issue for trial. See Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1372 (3d Cir. 1996) (stating that "[l]egal memoranda and oral argument are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion"); Tilden Fin. Corp. v. Palo Tire Serv., Inc., 596 F.2d 604, 607 (3d Cir. 1979) (stating that more than mere allegations are necessary to defeat a properly supported motion for summary judgment); Robin Constr. Co. v. United States, 345 F.2d 610, 613 (3d Cir. 1965) (stating that one cannot defeat a motion for summary judgment by "mere formal denials or general allegations which do not show the facts in detail with precision"); Steelman III v. Carper, 124 F.Supp.2d 219, 222 (D. Del. 2000) (noting that in order to defeat a motion for summary judgment, the non-moving party must demonstrate the existence of a material fact supplying sufficient evidence, not mere allegations). Here, Ms. Marmon-Kaczorowski has not offered anything to controvert Continental's rendition of the facts.

On the other hand, Continental's Memorandum established that the administrative record, including the medical and vocational documentation contained therein, did not have sufficient

_____

[2]In this interview, Ms. Marmon-Kaczorowski stated that she was able to drive an automobile to the grocery store and to her physical therapy appointments. She also indicated that she used a home computer for e-mail, talked on the telephone with her family and friends and would sometimes perform light housework or sew. See Bates CCC00130-00131. This tends to call into doubt the severity of Ms. Marmon-Kaczorowski's condition in light of her sedentary job duties. See Rowan v. UNUM Life Ins. Co. of Am., 119 F.3d 433, 436-37 (6th Cir. 1997) (finding plaintiff's activities, including driving, sitting and walking, factually relevant, although not determinative).

evidence to support that Ms. Marmon-Kaczorowski was disabled as defined by the Plain as of the date she stopped working or at any time thereafter. As previously discussed in Continental's Memorandum, Continental is entitled to summary judgment, based not simply on the telephone interview as Plaintiff suggests at page 9 of her Opposition but on all the information in Hartford's file as described in pages 19 - 25 of Hartford's Memorandum in Support of its Motion for Summary Judgment.

While Ms. Marmon-Kaczorowski may claim to be in a sympathetic position, it does not change the fact that, as previously set forth by Continental, this Court's review of Continental's determination is properly limited to the evidence contained within Continental's administrative record at the time of its determination. Plaintiff's Memorandum presents no evidence to establish any material factual dispute.

    C.    ***The Decision By The Social Security Administration Granting Plaintiff's Claim For Social Security Disability Benefits Is Not Binding On This Court And Is Not Entitled To Deference In Assessing Whether Continental Abused Its Discretion In Denying Ms. Marmon-Kaczorowski's Claim For LTD Benefits Under The Plan.***

Ms. Marmon-Kaczorowski mentions that, in December 2002, the SSA determined that her condition rendered her disabled. See Plaintiff's Memorandum, p. 5. However, in order to determine whether Ms. Marmon-Kaczorowski is entitled to benefits under the Plan, the Court must look only to the Plan itself. See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 833 (2003) (stating that in determining entitlements to Social Security benefits, the adjudicator measures the claimant's condition against a uniform set of federal criteria, whereas the validity of a claim for benefits under an ERISA plan turns on the interpretation of terms under that plan); Moats v. United Mine Workers of Am. Heath & Retirement Funds, 981 F.2d 685, 689 (3d Cir.

1992) (stating that when interpreting its own plan, administrator is not bound by federal standards or guidelines on disability, unless specifically incorporated). There is no showing by Ms. Marmon-Kaczorowski that the definition of "Disability" in the Plan mirrors the relevant definition under the Social Security regulations[3] and, therefore, her claim for disability benefits under Social Security has no bearing on this issue. Ms. Marmon-Kaczorowski's receipt of Social Security disability benefits has nothing to do with whether she is entitled to receive benefits pursuant to the Plan. Any award of benefits from sources outside the Plan is not binding on this Court and is not entitled to deference in assessing whether Continental abused its discretion in denying Ms. Marmon-Kaczorowski's claim for LTD benefits.

Ms. Marmon-Kaczorowski here argues that this Court should accord weight to the prior determination of the SSA. However, as stated by this Court in Russell v. The Paul Revere Life Ins. Co., 148 F.Supp.2d 392 (D. Del. 2001), aff'd. 288 F.3d 78 (3d Cir. 2002), "a plan administrator is in no way bound by the determination of the Social Security Administration. . . . A plan administrator's decision on ERISA disability that differs from that of the SSA is not arbitrary and capricious provided that it is reasonable and supported by substantial evidence." Id. at 409 (internal quotations and citation omitted). See also Whitaker v. Hartford Life & Acc. Ins. Co., 404 F.3d 947, 949 (6th Cir. 2005) (holding that an ERISA plan administrator was not bound by a Social Security disability determination when reviewing a participant's claim for benefits under an ERISA plan); Smith v. Continental Cas. Co., 369 F.3d 412, 419 (4th Cir. 2004) (finding

---

[3]Under the SSA's regulations, "disability" is defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (1999).

that an evaluation of pain in the context of Social Security disability determinations did not

equate to the determination of disability for purposes of a participant's claim for LTD benefits

under an ERISA plan); Coker v. Metropolitan Life Ins. Co., 281 F.3d 793, 798 (8th Cir. 2002)

(granting summary judgment for administrator notwithstanding Social Security award); Elliott v.

Sara Lee Corp., 190 F.3d 601, 607 (4th Cir. 1999) (finding that the definition of "total disability"

under the applicable plan in no way mirrored the relevant definition under the regulations of the

SSA); Paramore v. Delta Air Lines, Inc., 129 F.3d 1446, 1452 n.5 (11th Cir. 1997) (affirming

summary judgment award and rejecting as "unpersuasive" argument that court should have

accorded greater weight to receipt of Social Security benefits); Cossio v. Life Ins. Co. of N. Am.,

240 F.Supp.2d 388, 394, 95 (D. Md. 2002) (holding that an ERISA plan administrator was not

required to accord significant weight to a decision by the Social Security Administration that the

participant was entitled to Social Security disability insurance benefits in determining whether

the participant was entitled to LTD benefits under the ERISA plan); Thomas v. Liberty Life

Assur. Co. of Boston, 226 F.Supp.2d 735, 745 (D. Md. 2002) (finding that a determination by an

ALJ that a claimant was disabled under Social Security regulations did not require the plan

administrator to reach the same conclusion in the ERISA case); Ciulla v. Usable Life, 864 F.

Supp. 883, 888 (W.D. Ark. 1994) (granting summary judgment for defendant despite plaintiff's

receipt of Social Security award).  Consequently, this Court should not accept Ms. Marmon-

Kaczorowski's invitation to import the findings of the SSA to this case, especially in view of the

aforementioned legal authority and the fact that the definitions and standards are at odds.

### III.    <u>CONCLUSION</u>

Continental is entitled to summary judgment because Ms. Marmon-Kaczorowski has failed to satisfy the burden of establishing that she was disabled pursuant to the Plan. The substantial evidence within the administrative record, when applied to the clear and unambiguous language of the Plan, fails to establish that Ms. Marmon-Kaczorowski was unable to perform the material and substantial duties of her regular occupation. Continental is not bound by the opinions of Ms. Marmon-Kaczorowski's treating physician. The decision by the Social Security Administration ("SSA") granting the Plaintiff's claim for Social Security disability benefits is not binding on this Court and is not entitled to deference in assessing whether Continental abused its discretion in denying Ms. Marmon-Kaczorowski's claim for LTD benefits under the Plan. It is Ms. Marmon-Kaczorowski's burden, as the insured under the Plan, to substantiate her eligibility for LTD benefits; however, Ms. Marmon-Kaczorowski did not satisfy this burden.

The record demonstrates that Continental conducted a thorough review of the medical records, including those from Ms. Marmon-Kaczorowski's treating physicians and the opinions of its medical consultants, arriving at a decision, pursuant to the terms of the Plan, with which Ms. Marmon-Kaczorowski disagrees. This disagreement, however, does not render Continental's denial of benefits improper or otherwise an abuse of its discretion. Regardless of how another reasonable mind might have arrived at a decision on Ms. Marmon-Kaczorowski's eligibility for disability benefits, this Court is not free to substitute its own judgment, or that of other medical professionals, for that of Continental, as the Plan's administrator, as if the Court were considering Ms. Marmon-Kaczorowski's eligibility anew. This Court cannot upset a reasonable interpretation by the Plan's administrator.

WHEREFORE, Defendant, Continental Casualty Company, respectfully requests that this Court grant its Motion for Summary Judgment, along with any further relief to which this Court deems it entitled.

Respectfully submitted,

  /s/ *Susan A. List*

David G. Culley, Fed. Bar No. 2141
Susan A. List, Fed. Bar No. 3752
TYBOUT, REDFEARN & PELL
300 Delaware Avenue, Suite 1100
P.O. Box 2092
Wilmington, Delaware 19899
(302) 658-6901


  /s/

J. Snowden Stanley, Jr.
SEMMES, BOWEN & SEMMES
250 West Pratt Street
Baltimore, Maryland 21201
(410) 539-5040

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment was served via e-filing and first-class mail, postage prepaid on this 10th day of October, 2005, to:

Robert C. McDonald, Esquire
1010 N. Bancroft Parkway, Suite 22
Wilmington, Delaware 19805
Attorney for Plaintiff

  s/*Susan A. List*

Susan A. List

Marmon-Kaczorowski Reply to Plaintiff's Opposition to MSJ  (B0556231).WPD