IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHARON MARMON-KACZOROWSKI,          :
                                    :
          Plaintiff,                :
                                    :
     v.                             :    Civil Action No. 04-1470-JJF
                                    :
CONTINENTAL CASUALTY COMPANY,       :
                                    :
          Defendant.                :

Robert C. McDonald, Esquire of
SILVERMAN & MCDONALD, Wilmington, Delaware.
Attorney for Plaintiff.

Susan A. List, Esquire of
TYBOUT, REDFEARN, & PELL, Wilmington, Delaware.
<u>Of Counsel</u>: J. Snowden Stanley, Jr., Esquire of
SEMMES, BOWEN, & SEMMES, Baltimore, Maryland.
Attorneys for Defendant.

**MEMORANDUM OPINION**

March 22, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendant's Motion For Summary Judgment (D.I. 20). For the reasons discussed, Defendant's Motion will be denied.

I.  BACKGROUND

Plaintiff was employed as a senior manager at Computer Sciences Corporation of El Segundo, California ("Computer Sciences") for approximately a year and a half. Plaintiff's responsibilities as senior manager included project management, troubleshooting, computer and telephone work, and assisting with meetings. As part of her employment benefits, Plaintiff elected to purchase a long term disability coverage plan ("Plan") from Defendant through a contract Defendant had with Computer Sciences.

In 1999, Plaintiff was diagnosed with meningitis, which led to Plaintiff's physician issuing a certificate of total disability due to an autoimmune disease. Following the meningitis, Plaintiff suffered from various ailments, such as chronic pain and fatigue, fibromyalgia, hypertension, static migraine, and asthma. Plaintiff applied to Defendant for short and long term benefits, but her application was denied. Plaintiff appealed to the Appeals Department, which affirmed, finding that the condition was self-limiting and was not a disability as defined by the Plan.

1

Plaintiff filed a complaint in Delaware Superior Court in October 2004. The action was removed to this Court on November 24, 2004. (D.I. 1). Plaintiff then filed an Amended Complaint (D.I. 14), alleging claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

## II. PARTIES' CONTENTIONS

By its Motion, Defendant contends that the arbitrary and capricious standard of review applies to this case and that its decision to deny benefits was reasonable and based on substantial evidence in the record before it. Defendant further contends that summary judgment is appropriate because Plaintiff does not have a "disability" under the Plan. In response, Plaintiff contends that Defendant's decision to deny benefits was arbitrary and capricious.

## III. LEGAL STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there are triable issues of material fact, a court must

review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). However, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

IV. DISCUSSION

The United States Supreme Court has held that courts reviewing a denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) should review the decision de novo unless the plan gives the administrator or fiduciary discretion in determining eligibility or in construing the plan. Firestone Tire and Rubber

3

Co. v. Bruch, 489 U.S. 101, 115 (1989). If the administrator has such discretion, the decision is reviewed under an arbitrary and capricious standard of review. Id. This means that the administrator's decision should be upheld unless it is "without reason, unsupported by the evidence or erroneous as a matter of law." Martorana v. Bd. of Trs. Of Steamfitters Local Union 420 Health, Welfare and Pension Fund, 404 F.3d 797, 801 (3d Cir. 2005) (quoting Mitchell v. Eastman Kodak Co., 113 F.3d 433, 439 (3d Cir. 1997)) (citations omitted).

Where the administrator has a conflict of interest, such as a financial stake in the outcome, the reviewing court must take the conflict into consideration in determining whether the administrator acted arbitrarily and capriciously. Bruch, 489 U.S. at 115. The Third Circuit Court of Appeals has applied a "sliding scale" approach in such cases, so that a reviewing court "intensif[ies] the degree of scrutiny to match the degree of conflict." Pinto v. Reliance Std. Life Ins. Co., 214 F.3d 377, 379 (3d Cir. 2000).

The Court concludes that the Plan vests Defendant with discretion to determine eligibility and to construe the terms of the Plan. The Plan provides:

> The policy is delivered in and is governed by the laws of the governing jurisdiction and to the extent applicable by... ERISA and any amendments. When making a benefit determination under the policy, *We* have discretionary authority to determine *Your* eligibility for benefits and to interpret the terms and provisions

4

of the policy.

(D.I. 21, Ex. 1 at CCC00008) (italics and capitalization in original). This discretion, however, is not without limits, given the fact that Defendant was both the insurer and the administrator, and thus, had a conflict of interest. <u>Pinto</u>, 214 F.3d at 378 (explaining that a conflict exists where the "fund from which monies are paid is the same fund from which the insurance company reaps its profits"). Because Defendant had a monetary interest in denying benefits, the Court will intensify its degree of scrutiny and will apply a heightened standard of arbitrary and capricious review.

Having determined that a heightened standard applies, the Court must determine whether it should grant summary judgment to Defendant under that standard. The Plan defines "disability" as follows:

> **HOW DO WE DEFINE DISABILITY?**
> *Disability* or *Disabled* means that *You* satisfy the Occupation Qualifier or the Earnings Qualifier as defined below.
>
> **Occupation Qualifier**
> "*Disability*" means that during the *Elimination Period* and the following 24 months, *Injury* or *Sickness* causes physical or mental impairment to such a degree of severity that *You* are:
> 1. continuously unable to perform the *Material and Substantial Duties* of *Your Regular Occupation*; and
> 2. not working for wages in any occupation for which *You* are or become qualified by education, training or experience.
>
> After the *Monthly Benefit* has been payable for 24 months, "*Disability*" means that *Injury* or *Sickness*

5

causes physical or mental impairment to such a degree of severity that *You* are:
1. continuously unable to engage in any occupation for which *You* are or become qualified by education, training or experience; and
2. not working for wages in any occupation for which *You* are or become qualified by education, training or experience.

**Earnings Qualifier**
*You* may be considered *Disabled* during and after the *Elimination Period* in any Month in which *You* are *Gainfully Employed*, if an *Injury* or *Sickness* is causing physical or mental impairment to such a degree of severity that *You* are unable to earn more than 80% of *Your Monthly Earnings* in any occupation for which *You* are qualified by education, training or experience...

*You* are not considered to be *Disabled* if *You* earn more than 80% of *Your Monthly Earnings*. Salary, wages, partnership or proprietorship draw, commissions, bonuses, or similar pay, and any other income *You* receive or are entitled to receive will be included. Sick pay and salary continuance payments will not be included. Any lump sum payment will be prorated, based on the time over which it accrued or the period for which it was paid.

(D.I. 21, Ex. 1 at CCC00010) (italics and capitalization in original).

Defendant contends that Plaintiff was not disabled under this definition because, based on the evidence before Defendant at the time of its decision, Plaintiff was not unable to continuously perform the material and substantial duties of her regular occupation as defined by the Plan. Such a decision was reasonable, Defendant contends, because there was no evidence in Plaintiff's medical records to demonstrate that could not perform these duties and further because Plaintiff continued to work for

6

six months after she initially consulted with her primary care provider. Defendant also relies upon a conversation it had with Plaintiff, in which Plaintiff indicated that she was able to drive short distances, use the computer, talk on the phone for short periods of time, and do a little housework.

Reviewing the evidence and construing all inferences in the light most favorable to Plaintiff, the Court concludes that a reasonable jury could find for Plaintiff. First, the Court concludes that there are genuine issues of material fact as to whether Plaintiff is disabled and whether Defendant acted arbitrarily and capriciously in denying her benefits under the Plan. While Plaintiff continued working after her initial medical consultation, Plaintiff was in and out of work and received several medical notes excusing her from work. Furthermore, the documents, which Defendant had before it, show that Plaintiff was treated for several medical conditions, which may have prevented her from continuously performing the material and substantial duties of her regular occupation, including hypertension, fibromyalgia, static migraine, problems with flexibility, pain in various parts of her body, upper respiratory infections, otitis media, asthma, and chronic pain and fatigue. Finally, the phone conversation that Defendant had with Plaintiff indicates only that Plaintiff was able to do some things for short periods of time, not that she was able to continuously

7

perform duties similar to those of her occupation. Under these facts, the Court concludes that whether Defendant acted arbitrarily and capriciously is a question better left for the jury.

Second, the Court cannot, as a matter of law, determine that Defendant did not act arbitrarily and capriciously, given the profit it stood to gain from denying Plaintiff benefits. As in Pinto, the Court cannot conclude that the conflict of interest did not affect the administrator's decision, so as to make the decision arbitrary and capricious. Pinto, 214 F.3d at 379. Accordingly, the Court will deny Defendant's Motion For Summary Judgment (D.I. 20).

## V.  CONCLUSION

For the reasons discussed, Defendant's Motion For Summary Judgment (D.I. 20) will be denied.

An appropriate Order will be entered.

8