IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHARON MARMON-KACZOROWSKI    *

     Plaintiff       *

   V            *
                                 Civil Action No : 04-1470
CONTINENTAL CASUALTY    *
COMPANY
                   *
     Defendant      *

## RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f).

IT IS ORDERED THAT:

1     **Pre-Discovery Disclosures** On or about September 12, 2005, Defendant has

previously produced , "Under Seal", a complete copy of the administrative claim file to the

Plaintiff

2.     **Joinder of the other Parties**

    Plaintiff:     None

    Defendant:     None

3.     **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to

Magistrate Judge Thynge for the purpose of exploring the possibility of a settlement. If the

parties agree that they would benefit from a settlement conference, the parties shall contact

Magistrate Judge Thynge to schedule a settlement conference so as to be completed no later than

the Pretrial Conference or a date ordered by the Court.

Defendant seeks a Mediation/Settlement Conference before Magistrate Judge Thynge.

4.    **Discovery.**

Plaintiff is entitled to discovery

Defendant believes that neither party is entitled to discovery. Kosiba v. Merck & Co., 384 F.3d 58, 67 n.5 (3d Cir. 2004) (noting that the record for arbitrary and capricious review of ERISA benefits denial is the record made before the plan administrator, and cannot be supplemental during litigation); Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir. 1997) (holding that under the arbitrary and capricious standard of review, the "whole" record consists of that evidence that was before the administrator when he made the decision being reviewed); Freccia ex rel. Estate of Ercole v. Conectiv, 379 F. Supp.2d 620, 626 (D. Del. 2004) (finding that under both a standard and heightened arbitrary and capricious review of a denial of benefits under an employer-sponsored medical benefits plan, a court is limited under ERISA to the evidence that as is before the plan administrator where it made the decision being reviewed); Russell v. Paul Revere Life Ins. Co., 148 F. Supp. 2d 392, 405 (D. Del. 2001) (stating that the court's review is limited to the record that was before the administrator under the arbitrary and capricious standard of review).

5    **Discovery Disputes**

Plaintiff.        Not at this point.

Defendant:    Not Applicable.

6.    **Amendment of the Pleadings.**

Plaintiff.        No amendment to pleadings are anticipated.

Defendant does not seek to amend pleadings.

7    **Case Dispositive Motions.**

Plaintiff:    None anticipated.

Defendant:    The Court has previously denied Defendant's Motion for Summary

Judgment.

8    **Applications by Motion.**

(a)    Any applications to the Court shall be by written motion filed with the

Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules

of Civil Practice for the United States District Court for the District of Delaware (Amended

Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by

D. Del. LR 7.1.1. Briefs shall be limited to no more than ten (10) pages. Parties may file

stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing.

The Court will not consider applications and requests submitted by letter or in a form other than

a motion.

(b)    No facsimile transmissions will be accepted.

(c)    No telephone calls shall be made to Chambers.

(d)    Any party with a true emergency matter requiring the assistance of the
Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov  The email shall provide a short
statement describing the emergency.

9    **Pretrial Conference and Trial.** After reviewing the parties' Proposed

Scheduling Order, the Court will schedule a Pretrial Conference. The Court will determine

whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial

Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties

and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days

of the Pretrial Conference

_____                    _____
DATE                                                UNITED STATES DISTRICT JUDGE

_____
ROBERT C. MCDONALD, ESQUIRE (#2340)
Attorney for Plaintiff

_____
SUSAN A. LIST, ESQUIRE (#3752)
Attorney for Defendant

B0638912 DOC