IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHARON MARMON-KACZOROWSKI,       :
                                 :
          Plaintiff,             :
                                 :
     v.                          :     Civil Action No. 04-1470-JJF
                                 :
CONTINENTAL CASUALTY COMPANY,    :
                                 :
          Defendant.             :

### MEMORANDUM ORDER

On March 22, 2006, the Court entered a Memorandum Opinion
denying Defendant's Motion For Summary Judgment on the grounds
that genuine issues of material fact existed precluding
resolution of this case on summary judgment.  (D.I. 29).
Thereafter, the parties submitted a joint, proposed Scheduling
Order in which Plaintiff requested discovery and Defendant
contended that discovery was unnecessary in this case.  (D.I.
32).

In light of the discovery dispute raised in the proposed
Scheduling Order, and the Court's reconsideration of Plaintiff's
Opposition to Defendant's Motion For Summary Judgment
("Opposition") in view of that dispute, the Court finds that the
"genuine issues of material fact" asserted by Plaintiff in her
Opposition and previously recognized by the Court in its
Memorandum Opinion do not require discovery.  Because the Court
has concluded, after reviewing the proposed Scheduling Order,
that discovery is not required in this case, the Court further
concludes that the legal and standard of review issues that the

Court must now address are suitable for resolution in the context of cross-motions for summary judgment.

Because the Court's decision concerning Defendant's initial Motion For Summary Judgment is not consistent with the present circumstances and issues of this case, the Court will permit the parties to file supplemental briefs based on the following conclusions by the Court. Specifically, the Court has previously concluded, and this conclusion is unchanged by the current circumstances, that a conflict of interest exists in this case which implicates the Pinto sliding scale approach to the application of the arbitrary and capricious standard of review, and therefore, a heightened application of the arbitrary and capricious standard of review is required. (D.I. 29 at 4-5). The Court further concludes that this standard is being applied to the administrative record, and there are no genuine issues of material fact concerning that record. Stated another way, the procedural posture of this case is that Plaintiff and Defendant are both moving for summary judgment on the administrative record because all remaining issues in this case are legal in nature and once decided will be case dispositive.

NOW THEREFORE, IT IS HEREBY ORDERED that, unless otherwise agreed to by the parties in the form of a stipulated briefing schedule submitted to the Court **within ten (10) days** of the date of this Order,

2

1.    Plaintiff shall serve and file a Motion For Summary Judgment and Opening Brief within **forty-five (45) days** of the date of this Order.

2.    Defendant shall serve and file a Cross-Motion For Summary Judgment and a Combined Opening And Answering Brief within **thirty (30) days** of service of Plaintiff's Brief.

3.    Plaintiff may serve and file a combined Reply and Answering Brief within **fifteen (15) days** of service of Defendants' Brief.

November 21, 2006
    DATE

UNITED STATES DISTRICT JUDGE

3